IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      No. 23-cr-01620-KWR

JOSHUA GONZALES,

        Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CONTINUE TRIAL AND EXTEND TIME TO FILE MOTIONS**

THIS MATTER comes before the Court on Defendant Joshua Gonzales's motion to continue trial and extend the time to file motions, Doc. 58. The trial is currently scheduled to begin on June 9, 2025, and Defendant asks the Court to postpone trial by at least 90 days. Doc. 58 at 1. The United States opposes this continuance. Doc. 67. After conducting a hearing on the matter on May 13, 2025, the Court **DENIED** the motion to continue trial. *See* Doc. 71.

## BACKGROUND

On November 1, 2023, the United States filed an indictment charging Defendant with two counts of first-degree murder in violation of 18 U.S.C. §§ 1152 and 1111. Doc. 3 (redacted indictment). Trial was initially scheduled to begin on January 8, 2024. Doc. 21. The Court thereafter granted Defendant's first unopposed motion for a continuance and an extension of the time to file motions, Doc. 24, postponing the motion deadline until March 4, 2024, and trial until April 15, 2024. Doc. 25 at 2. The Court later granted Defendant's second unopposed motion for a continuance and an extension of the time to file motions, Doc. 29, postponing the motion deadline until June 3, 2024, and trial until July 8, 2024. Doc. 30 at 2.

1

In May 2024, Defendant made an unopposed motion to designate the complex and again requested the trial to be postponed. Doc. 38 at 3. The Court subsequently declared the case as complex, and in its scheduling order, set trial to begin on February 3, 2025. Doc. 42 at 1–2. Six months later, Defendant made an unopposed motion to revise the Court's scheduling order. Doc. 43. The Court granted the motion to amend its scheduling order, postponing trial until June 9, 2025. Doc. 44 at 2.

Defendant thereafter made a series of unopposed motions to extend the deadlines for substantive motions, Docs. 54, 57, which the Court granted, Docs. 55, 60. In each of these motions, the Defendant "[did] not seek to delay the date of the trial" and the United States did not oppose the requested extension "only so long as the trial date [was] not delayed." Doc. 54 at 2; Doc. 57 at 3. The substantive motion deadline is currently May 16, 2025. Doc. 60.

Defendant now makes this opposed motion to continue the trial (and the substantive motions deadline) for another 90 days. Doc. 58. The Court held a hearing on this motion on May 13, 2025. *See* Doc. 71.

## DISCUSSION

### I. Motion to Continue

Defendant argues that a trial continuance and an extension of related deadlines are justified for four main reasons. He first notes that "[a] substantial amount of discovery has been received by the defense recently [on April 25, 2025]," including hours-worth of video footage from an adjoining property to the scene of the crime, and that the Defense will need additional time to assess the video's contents, to reassess his alibi defense, and to conduct additional investigation. Doc. 58 at 1–2; *see also* Doc. 67 at 2. At a hearing on this motion, the United States stated that the

2

video footage was only recently disclosed to cure an earlier defect in discovery. The Defense also claims a need for additional time to review the finalized CAST reports, Doc. 58 at 2, though the newly disclosed report is "substantially like the previously disclosed [draft] CAST reports," Doc. 67 at 6. Second, Defense Counsel claims that "it has been uniquely difficult to get in-person meetings with Defendant," which has caused delays in communicating the contents of the new disclosures. Doc. 58 at 2–3. Third, Defendant claims that the new disclosures may require Counsel to make additional "constitutional motions in discovery that must be researched and investigated." Doc. 58 at 3. Fourth, Defendant argues that additional time is needed to "assess the desirability of the formal plea offer" after Defense Counsel investigates the recent disclosures. Doc. 58 at 3–4.

Considered together, Defendant argues that a "denial of the requested continuance would result in a miscarriage of justice" because it would "deny Defense Counsel adequate time to "reasonably meet and consult with [Defendant], to evaluate the impending discovery for constitutional and rule-based motions, to prepare the case including researching the merits of any motions, [and] for [Defendant] to negotiate and consider the terms and conditions of any plea offer after a complete discussion of his options with counsel." Doc. 58 at 4–5.

At a hearing on the matter, Defense Counsel maintained that the primary reason for the continuance is that the newly disclosed video footage substantially undercuts Defendant's alibi defense, which depended on the United States's inability to establish a concrete timeline on the day(s) the killings occurred. Defendant argues that more than 45 days from the time of the disclosures are needed to make a new defense. In response to the Court's inquiry regarding concerns about client communication, Defense Counsel affirmed that, while it had been difficult to schedule regular meetings with his incarcerated client, they had already discussed the new disclosures.

**II.     Speedy Trial Act**

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "This right attaches when the defendant is arrested or indicted, whichever comes first." *United States v. Medina*, 918 F.3d 774, 779 (10th Cir. 2019) (citation and internal quotations omitted). To effectuate this guarantee, Congress enacted the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, which requires that a criminal trial "commence within seventy days from the filing date . . . of the information or indictment, . . . whichever date last occurs." 18 U.S.C. § 3161(c)(1); *see also United States v. Thompson*, 524 F.3d 1126, 1131 (10th Cir. 2008) ("The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial and serve the public interest in bringing prompt criminal proceedings." (citation omitted)). The Act, however, excludes from the seventy-day requirement:

> Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). In determining whether to grant or deny a continuance under the ends-of-justice provision, the Court must consider:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice; (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established [by the Act]; (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex; (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause

4

(ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). "The ends-of-justice exception to the otherwise precise requirements of the Act was meant to be a rarely used tool for those cases demanding more flexible treatment." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (citation and internal quotations omitted) (cleaned up).

After considering the above factors, the Court concludes that the requested continuance would not further the ends of justice. *See infra* section II(A)–(C).

A. Factor 1

The Court finds the first factor in the United States's favor. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Nothing in the record suggests that denying a continuance here would make a continuation of this proceeding impossible. The Court further finds that denying a continuance would not result in a miscarriage of justice. As recounted above, the Court has granted numerous motions to continue the trial to allow ample time to investigate and review the voluminous evidence in this case.

The disclosure of new evidence—the video footage and the finalized CAST report—without additional time before trial would not result in a miscarriage of justice. First and foremost, this evidence was disclosed 45 days before trial; this still leaves considerable time to investigate the evidence and adjust defense strategy accordingly. While Defense Counsel explains that additional time would be helpful, he offers no concrete, non-conclusory reasons explaining why the current timeframe is insufficient. The Court also finds that little additional time is needed to prepare an examination of the finalized CAST report because the finalized report does not

substantively differ from the previously disclosed draft CAST report, *see* Doc. 67 at 6, which Defendant has already had considerable time to review.

The disclosure of the video footage—footage that, in Defense Counsel's own words, "slaughters" Defendant's alibi defense—also does not justify additional delay. Again, Defendant still had over a month to prepare for trial. The newly disclosed evidence is not so voluminous that it would take weeks to review; the evidence only includes "about 48 hours worth of video," *see* Doc. 58 at 1, which Defense Counsel claimed at the hearing to have already reviewed. Defendant does not argue that this evidence gives rise to a new, previously unconsidered defense. And Defense Counsel has (presumably) reviewed all previously disclosed evidence; even if the alibi defense was rendered irrelevant by this evidence, Defense Counsel has had over a year to develop other lines of defense.

Defendant's other reasons for a continuance are similarly unpersuasive. While Defense Counsel represented having difficulty meeting with his client, he stated at the hearing that they had already spoken about the newly disclosed evidence and its significance to the case. Defendant also had (and has) ample time to research and make motions in discovery since the disclosure of the evidence in late-April; the Court has already postponed the substantive motions deadline until May 16—on a motion made after the at-issue evidence was already disclosed, *see* Doc. 57—and does not see a need to extend deadlines any further. Finally, the Court finds that Defendant still has sufficient time to consider any plea offer post-dating the disclosure of this evidence and to schedule additional in-person meetings.

B.  Factors 2 & 4

The Court finds that factors 2 and 4—which both go towards the complexity of the case—are in the United States's favor. *See* 18 U.S.C. § 3161(h)(7)(B)(ii), (iv). As noted above, the Court

6

previously agreed with Defendant's request to designate the case as complex and twice postponed trial—from July 8, 2024, to June 9, 2025—to account for this complexity. *See* Doc. 42 at 1–2; Doc. 44. The Court finds that the newly disclosed evidence does not add substantial complexity to the case. Defendant remains the only defendant. Neither the video footage nor the CAST report raises novel questions of fact or law. Defendant has already had considerable time to examine the substantive findings in the CAST report. And the evidence new to the case—the video footage—is not the kind of evidence that is especially complex or difficult to understand. In other words, Defense Counsel does not need substantially more time (beyond the 45 days he already had) to effectively investigate the evidence and prepare his case (or to convey the legal significance of the evidence to his client to inform a decision to enter a change of plea). In short, while this case is labeled complex, the Court has already accounted for its complexity by repeatedly amending its trial schedule; the present change in circumstances does not demand any additional postponement.

C. Factor 3

The Court finds that the third factor goes in the United States's favor. *See* 18 U.S.C. § 3161(h)(7)(B)(iii). The record does not indicate any delay in the filing of the indictment.

III. **Tenth Circuit Continuance Factors**

As established above, the ends-of-justice exception to the Speedy Trial Act's seventy-day requirement is not properly applied on this motion. *See supra* section II. Speedy Trial requirements aside, the Court also finds that denying Defendant's motion to continue is proper under the circumstances. *See United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990).[1] In general, trial courts have "broad discretion . . . on matters of continuances." *Morris v. Slappy*, 461 U.S. 1, 11–

---

[1] Neither party addressed the Tenth Circuit's four factor test for a denial of a continuance. *See* Docs. 58, 67. The Court nonetheless addresses these factors for the sake of completeness.

12 (1983); *see also Rivera*, 900 F.2d at 1475. To decide whether to grant or deny a continuance, the Court turns to four factors:

> (1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm resulting from its denial.

*United States v. McClaflin*, 939 F.3d 1113, 1117 (10th Cir. 2019) (quoting *United States v. Glaub*, 910 F.3d 1334, 1345 (10th Cir. 2018)). "The final factor is the most important." *Id.* (quoting *United States v. Orr*, 692 F.3d 1079, 1100 (10th Cir. 2012)). Here, the Court finds that Defendant has not clearly satisfied any single factor, and therefore, denying Defendant's motion to continue trial is proper.

Defendant did not diligently seek a continuance. As discussed above, the video footage and finalized CAST reports were received on April 25. Defendant did not move to continue trial until May 7. The nearly two-week delay between receiving new evidence and making a motion to continue trial shows a lack of diligence.

It is unlikely that granting a continuance would accomplish its stated purposes or be especially useful. *See Untied States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). As discussed at length *supra* section II, Defendant had 45 days from the time the new evidence was disclosed until the trial date. This provides ample time to accomplish all the stated purposes of the continuance: time to investigate and assess the newly disclosed evidence and adjust trial strategy; time to schedule additional in-person attorney-client meetings; time to research and make additional evidentiary motions; and time to assess a renewed plea offer. In short, the Court does not find that granting a continuance would be especially useful when considering the amount of time Defendant has been given to prepare for trial.

The Court further finds that granting a continuance would significantly inconvenience the Court, the United States, and its witnesses. A trial involving two counts of first-degree murder is no small matter; the Court anticipates (based on the parties' representations) that the trial will last multiple weeks. The United States has also noticed its intent to offer many expert witnesses, all of whom must be available to testify; if the trial is continued for at least 90 days, there is no guarantee that all the witnesses will be available at the time of trial and the United States would be inconvenienced by having to make additional efforts to coordinate (or substitute) witnesses. In short, this trial—which is scheduled to last weeks and requires the coordination of many witnesses—cannot be moved without considerable inconvenience to the Court, the United States, and proposed witnesses.

The Court finds that there is little need for a continuance and that denying the continuance would not significantly harm Defendant. *See supra* section II. Again, Defendant had 45 days from the time the video footage and finalized CAST report were disclosed until trial. This provides ample time to investigate and assess the newly disclosed evidence. *See supra* section II.A. While the video footage may undermine Defendant's primary defense, Defendant does not argue that the evidence raises a new, now viable defense, and he has had ample time to assess other possible lines of defense from previously disclosed evidence. The new evidence also does not add substantial complexity to the case. *See supra* section II.B. In sum, the Court finds that there is little need for a continuance and that denying a continuance would not significantly harm Defendant's ability to prepare his defense.

## CONCLUSION

After assessing the statutory factors for a continuance under the ends-of-justice exception to the Speedy Trial Act's seventy-day requirement, *see* 18 U.S.C. § 3161(h)(7)(B), the Court finds that granting a continuance would not further the ends of justice. The Court further finds that denying Defendant's motion to continue is proper under the circumstances. Accordingly, Defendant's motion to continue trial and for an extension of time to file motions, Doc. 58, is denied.

**IT IS SO ORDERED**.

                                                                         _____/S/_____
                                                                         KEA W. RIGGS
                                                                         UNITED STATES DISTRICT JUDGE