IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    No. 23-cr-01620-KWR

JOSHUA GONZALES,

        Defendant.

**OPINION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE UNITED STATES FROM REFERRING TO VARIOUS ITEMS NOT TESTED FOR THE PRESENCE OF BLOOD**

THIS MATTER comes before the Court on Defendant Joshua Gonzales's motion in limine to preclude the United States from referring to bloody impressions, prints, features, designs, nested patterns, patterns, or otherwise unless and until the United States first establishes that the item at issue has been tested for the presence of blood, Doc. 144. After considering the motion and applicable law, the Court finds that the motion is not well-taken, and therefore, is **DENIED**.

**DISCUSSION**

Defendant anticipates that the United States will "have its witnesses describe the [crime] scene," which will include "testimony that there were 'bloody' shoe prints, designs, patterns, fingerprints or otherwise." Doc. 144 at 1. He first argues that, "if the United States does not first establish that the particular item being described [by the testifying witness] has been subject to serological testing," the testimony is inadmissible under Federal Rule of Evidence 403 because it will "mislead[] the jury" by "creat[ing] a false impression of analysis or investigation." Doc. 144 at 1. On its face, it is not clear—nor does Defendant take care to explain—why creating an impression that the blood on the item had been tested is prejudicial to Defendant.

1

Defendant also argues that, unless the testifying witness has "personal knowledge of serological testing on a particular item or [item depicted in a] photograph[,]" the witness cannot testify that an item is "bloody" under Federal Rules of Evidence 602 and 701. Doc. 144 at 1–2.

I. **Legal Standard**

   A. Federal Rule of Evidence 403

Federal Rule of Evidence 403 provides that, "[t]he court may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (emphasis added). "[T]he exclusion of relevant evidence under Rule 403 should be used infrequently . . . ." *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998).

Evidence has probative value if it "has any tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401(a).

   B. Federal Rules of Evidence 602 and 701

Federal Rule of Evidence 602 provides that, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." A "witness's own testimony" can be used to "prove personal knowledge." *Id.* Importantly, "[t]his rule does not apply to a witness's expert testimony under Rule 703." *Id.*

Federal Rule of Evidence 701 limits a lay witness's ability to give opinions. It provides that, "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id.* Limitation (a) is the

"requirement of first-hand knowledge or observation." Notes of Advisory Comm. on Proposed Rules, Fed. R. Evid. 701. "[T]he first hand knowledge requirement may be based on the lay witness'[s] perception of otherwise admissible out of court statements," such as photographs. *United States v. Garcia*, 994 F.2d 1499, 1507 (10th Cir. 1993).

Limitation (c) distinguishes between expert and lay testimony. "[A] lay witness can offer 'observations that are common enough and require a limited amount of expertise, if any.'" *United States v. Pehrson*, 65 F.4th 526, 540 (10th Cir. 2023) (citing *James River Ins. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011)); *see also United States v. Caldwell*, 586 F.3d 338, 348 (5th Cir. 2009) ("The trend in the circuits seems to turn on whether the testimony falls within the realm of knowledge of the average lay person.").

**II.   Analysis**

   A. <u>Federal Rule of Evidence 403</u>

Rule 403 requires the Court to assess the probative value of the particular evidence being testified to, and then determine whether its probative value is substantially outweighed by the danger of unfair prejudice under the circumstances. Neither the United States nor Defendant identified the evidence, items, or testimony the motion would affect. *See* Docs. 144, 162.

The Court withholds ruling on this objection, and instructs Defendant to renew the objection at trial, because it cannot balance probative value against the danger of misleading the jury without knowing which item of evidence is at issue.

In general, however, Defendant's argument that he will be substantially prejudiced by the jury being misled because testimony will "create a false impression of analysis or investigation," Doc. 144 at 1, is unconvincing. It is not clear why testimony that an item is "bloody" will cause

3

the jury to think that the blood on the item was analyzed and investigated, and why this (false) belief would be prejudicial. It is also not clear that the jury, even if initially misled, will continue to be misled after Defendant is given the chance to ask clarifying questions during cross-examination. *See generally United States v. 0.0161 Acres of Land, More or Less, Situated in the Cty. Of Birmingham, Jefferson Cnty., Ala.*, 837 F.2d 1036, 1042 (11th Cir. 1988) ("Where the adversary system provides a party a full opportunity to refute an expert's testimony during cross-examination, exclusion due to the danger of misleading the jury is generally inappropriate." (citation omitted)).

    B. <u>Federal Rules of Evidence 602 and 701</u>

Testimony that an item or scene is "bloody" likely does not violate Federal Rules of Evidence 602 or 701.[1] To describe the crime scene at trial, the Federal Rules of Evidence require that the lay witness personally observed it.[2] But lay witnesses do not need to personally observe a blood test to testify that an item is "bloody" because determining that a substance is blood is common knowledge and "not based on scientific, technical, or other specialized knowledge." *See* Fed. R. Evid. 701(c); *Pehrson*, 6 F.4th at 540.

The witnesses did not view the bloodied items in a vacuum; they likely personally observed the bloodied corpses and contiguous blood, and it is obvious that a substantially similar-looking

---

[1] Defendant can re-raise this objection to specific testimony at trial if the testimony does not match the Court's understanding of the issues. If Defendant does re-raise this objection, he must specifically address the Court's reasoning in this section.

[2] Rule 602's personal knowledge requirement does not apply to expert opinions. As a result, an expert (such as Forensic Expert Brian McVicker, whose proposed testimony involves his analysis of a blood-covered shoe) can testify about an object covered in blood without having personally observed the item being collected or tested. But an expert witness offering lay testimony (*e.g.*, saying that the substance on a shoe is blood) must meet Rule 701's requirements. *See* Comm. Notes on Rules—2000 Amend., Fed. R. Evid. 701.

4

red substance on items situated in the vicinity of the mutilated victims is more blood, not some other substance. It does not take a serological test to make this logical leap. *See* Comm. Notes on Rules—2000 Amend., Fed. R. Evid. 701 (explaining that a "lay witness with experience could testify that a substance appeared to be blood, but that a witness would have to qualify as an expert before he could testify that bruising around the eyes is indicative of skull trauma"); *United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006); *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 240 (6th Cir. 2010); *United States v. LeCroy*, 441 F.3d 914, 927 (11th Cir. 2006) (concluding that an officer's testimony that "a blood stain on the back of [the victim's] shirt appeared to have been made by someone wiping a bloody knife off on the shirt" was a lay opinion); *Lee v. State*, 661 P.2d 1345, 1354 (Okla. Ct. App. 1983) ("[A]n ordinary witness may testify that certain marks, spots[,] or discolorations observed by him were, in his opinion, blood stains." (citation omitted)). Moreover, even without seeing the crime scene, witnesses can rely on past experiences to inform lay opinions. *See Asplundh Mfg. Div., a Div. of Asphlundh Tree Expert Co. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1199 (3d Cir. 1995); *United States v. Paiva*, 892 F.2d 148, 157 (1st Cir. 1989) ("[T]he individual experience and knowledge of a lay witness may establish his or her competence, without qualification as an expert, to express an opinion on a particular subject outside the realm of common knowledge." (citations omitted)). Here, the United States can elicit testimony establishing that a witness has seen blood before and knows dried blood's identifying characteristics.

    The Court does agree with Defendant, however, that a witness cannot testify that the blood on an item came from a particular person without observing a blood test or other definitive evidence that the blood belonged to a person.

5

## CONCLUSION

Accordingly, the Court denies Defendant's motion in limine (Doc. 144). The Court overrules Defendant's Federal Rules of Evidence 602 and 701 objections and withholds ruling on Defendant's Federal Rule of Evidence 403 objection.

**IT IS SO ORDERED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE