**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

UNITED STATES OF AMERICA

       Plaintiff,

    vs.                          Case No. 1:23-cr-1620 KWR

JOSHUA GONZALES,

       Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER is before the Court on eighteen (18) motions in limine and one motion to compel the identities of the confidential informants:

- Defendant's Sealed Motion to Compel the United States to Confirm the Identities of Confidential Human Sources (Doc. 97);

- Government's Motion in Limine to Admit Tribal Documentary Evidence under Federal Rule of Evidence 902 (Doc. 133);

- Government's Motion in Limine to Admit Reference to Defendant's Status as a Prisoner (Doc. 134);

- Government's Motion in Limine to Admit CommNet Wireless, LLC Phone Records as Business Records (Doc. 135);

- Government's Motion in Limine Regarding Impermissible Character Evidence (Doc. 136);

- Government's Motion in Limine to Exclude Reference to Punishment (Doc. 137);

- Government's Motion in Limine to Exclude Improper Hearsay (Doc. 138);

- Government's Motion in Limine Regarding Mental Disease, Defect, or any other Mental Condition Bearing on Guilt Evidence (Doc. 139);

- Government's Motion in Limine Regarding Prosecutorial Motive (Doc. 140);

- Government's Opposed Motion in Limine to Allow the Use of Transcripts as Demonstrative Aids (Doc. 141);

- Defendant's Objections to the United States's Notice of 404(b) Evidence and Defendant's Motion in Limine to Exclude the Same (Doc. 142);

- Defendant's Objections and Motion in Limine to Exclude and Limit 609 Evidence (Doc. 143);

- Defendant's Motion to Exclude any Improper Lay Testimony Not Based upon Personal Knowledge (Doc. 145);

- Defendant's Motion in Limine to Exclude Irrelevant and Unfairly Prejudicial Evidence of Defendant's Statements in Front of his Mother Regarding a Relationship Between Witnesses (Doc. 146);

- Defendant's Motion to Exclude Hearsay Evidence by Witness L.C. (Doc. 147);

- Government's Motion in Limine to Exclude 807 Evidence (Doc. 148);

- Defendant's Motion in Limine to Confront Adverse Certifying Witnesses of Google Account Records, Tribal Records, and CommNet Wireless Records (Doc. 149);

- Defendant's Motion in Limine to Exclude Hearsay and Testimonial Hearsay Captured on Plaintiff's Exhibits 1 & 2 (Doc. 150); and

- Government's Motion in Limine to Admit Google Records as Business Records (Doc. 151).

The Court held an evidentiary pretrial conference on June 3, 2025.  The Court, having reviewed the motions and considered the applicable law, finds that the motions are well taken in part and, therefore, the Court grants in part, denies in part, and reserves ruling in part upon the motions.

## I.    __Defendant's Sealed Motion to Compel the United States to Confirm the Identities of Confidential Human Sources (Doc. 97).__

Defendant moved to compel the Government to reveal the identity of the confidential sources identified in discovery. Doc. 97 at 1. The Government responded, asserting that it provided the requested the information.  Therefore, the Court **DENIES** Defendant's request as **MOOT**.

## II.    __Government's Motion in Limine to Admit Tribal Documentary Evidence under Federal Rule of Evidence 902 (Doc. 133).__

### A.    **Whether the alleged location of the crime is within the exterior boundaries of the Taos Pueblo.**

The Government first requests that the Court rule that 1082 Goat Springs Road, Taos Pueblo, New Mexico is "Indian Country" as defined under federal law. Doc. 133.  It requests that the Court do so by considering a letter by the Taos Pueblo Governor, which certified that 1082 Goat Springs Road, Taos Pueblo, New Mexico is within Taos Pueblo tribal lands, and title to the land is owned by Taos Pueblo and held in trust by the United States on behalf of the Taos Pueblo. Doc. 133-1 at 1.

It is well established that "as a general matter, the trial court decides the jurisdictional status of a particular property or area and then leaves to the jury the factual determination of whether the alleged crime occurred at the site." *United States v. Antonio*, F.3d 1117 (10th Cir. 2019) (citing *United States v. Roberts*, 185 F.3d 1125, 1139 (10th Cir. 1999) ("the issue of what constitutes

Indian Country is a matter for the judge and not the jury"); *see also States v. Levesque*, 681 F.2d 75, 78 (1st Cir. 1982) (holding that the question of land status is "a jurisdictional fact susceptible of determination without reference to any of the facts involved in determining defendants' guilt or innocence"); *See also* 10th Cir. Pattern Instr. 2.52, 2.53, 2.54 (2018) ("You are instructed that the alleged murder occurred within the [territorial] [special maritime] jurisdiction of the United States, if you find beyond a reasonable doubt that such offense occurred in the location described in the indictment").

To establish that the Court has jurisdiction over this case, the Government seeks to introduce a certification by the Governor of the Taos Pueblo that the location is within the exterior boundaries of the Pueblo and is owned by the Pueblo. At the hearing Defendant stated he did not object to Court considering the certificate by the Taos Pueblo Governor. Moreover, Defendant did not object to the admission at trial of the Governor's certification of land status (Exhibit 5). Therefore, the Court finds that 1082 Goat Springs Road, Taos Pueblo, New Mexico is "Indian Country" as defined under federal law and is within the exterior boundaries of the Taos Pueblo. Moreover, the Governor's letter (Exhibit 5 at the pretrial conference) is admitted at trial without objection.

**B. Taos Pueblo enrollment documents.**

The Government also requests that the Court conclude that the Taos Pueblo enrollment documents, Doc. 133-2, are admissible under the public records exception to the hearsay rule and that the enrollment documents are self-authenticating. In a written objection, Defendant merely asserts that self-authenticating documents violate the Confrontation Clause. He admits this argument has been rejected by the Tenth Circuit in *United States v. Yeley-Davis,* 632 F.3d 673

(10th Cir. 2011). At the pretrial conference, Defendant did not object to the admission of these documents.

The Court held a hearing, at which tribal enrollment specialists testified in detail regarding the creation of the tribal enrollment documents and clearly authenticated the documents by their testimony.  After hearing the testimony, Defendant did not object to the admission of the tribal enrollment documents at trial. Because Defendant did not object, the Court admitted at trial the four enrollment documents, Exhibits 1-4 (as marked at the pretrial conference).

### C.    Conclusion.

Therefore, the Court considers the land status certificate (Exhibit 5 at the pretrial conference) without objection and concludes that 1082 Goat Springs Road, Taos Pueblo, New Mexico is within the exterior boundaries of the Taos Pueblo. That land status certificate is also admitted at trial without objection.  Moreover, the four enrollment documents (Exhibits 1-4 at the pretrial conference) are admitted at trial without objection.

Therefore, the Government's Motion (Doc. 133) is **GRANTED**.

### III.    <u>Government's Motion in Limine to Admit Reference to Defendant's Status as a Prisoner (Doc. 134).</u>

The Government seeks to admit references to Defendant's status as an inmate, as his inmate status is necessary context for his alleged statements or admissions to his fellow inmates. *See* Doc. 134. As explained below, the Government may mention his status as an inmate as it is necessary context to understand his alleged admissions in this case to fellow inmates. The motion (Doc. 134) is therefore granted.

The Governmental alleges that Defendant made a series of statements or alleged admissions to fellow inmates. As to Witness 1, he allegedly spoke of (1) his motive for his attacks, (2) his repeated beatings of a victim until he felt the skull "bend in"; (3) his concern about how

long the "Fedz" would be looking into the murders; (4) that victims would have closed casket funerals because he "fucked them up bad"; and (5) that he was planning on disposing of the murder weapon upon his release.  Doc. 134 at 1.

As to Witness 2, while incarcerated he allegedly admitted to killing the two victims by hitting them and beating them.  Defendant allegedly gained access to Witness 2's jail group by admitting to the killings.

Here, admission of Defendant's detention for separate crimes is clearly necessary to give context to his alleged statements to Witnesses 1 and 2. Under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  However, under Rule 404(b)(2), "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404.

To determine whether evidence is admissible under Rule 404(b)(2), the *Huddleston* test applies: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.  *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000) (citing *United States v. Roberts*, 185 F.3d 1125 (10th Cir. 1999)).

The Tenth Circuit addressed a similar issue in *United States v. Sarracino*, 131 F.3d 943, 949 (10th Cir. 1997), concluding that the context surrounding a defendant's statements was admissible under Rule 404(b).  In that case, Sarracino was a fugitive facing charges for two

murders. He said "I'm down for two, what's two more" while he was assaulting two others. *Id.*
The Tenth Circuit construed this and other statements as an admission. It concluded that the district
court did not abuse its discretion in admitting the context of the admission. *Id.* "We recognize
that the context evidence at issue here relates to the admission rather than directly to the charged
crime. Although we have been unable to find any cases applying the context principle to a once-
removed situation like the one before us, we believe the reasons for admitting context evidence
apply equally in this situation. A jury cannot be expected to make its decision in a void. The
members of the jury had to determine what weight to give to Sarracino's admission, and to do so
they had to know the circumstances under which the admission was made. Consequently, because
the evidence was offered to show context and not merely to show Sarracino had a tendency toward
violence, the first part of the Rule 404(b) test was satisfied." *Id.* (internal citation and quotation
marks omitted).

Here, Defendant allegedly made various statements to fellow inmates relating to the
murders. The Government asserts that the context of those admissions – his status as an inmate–
is relevant to determine the credibility of the alleged admissions. The Court agrees. As explained
in *Sarracino,* the context surrounding a defendant's admission is a proper Rule 404(b) purpose.
The context for the statements is also "relevant to evaluating the admission and therefore relevant
to whether [Defendant] committed the crimes for which he was indicted." *Id.*

Moreover, upon considering Rule 403, the probative value of the evidence is not
substantially outweighed by the risk of unfair prejudice. Under Rule 403, unfair prejudice "means
an undue tendency to suggest decision on an improper basis, commonly, though not necessarily,
an emotional one." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) citing, Fed. R.
Evid. 403 advisory committee note. Furthermore, this Court has considerable discretion in

performing a Rule 403 balancing test, which itself "is an extraordinary remedy and should be used sparingly." *Id*. citing, *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir.1999). Here, unfair prejudice would not arise from giving context to the statements. To the extent it does arise, it does not substantially outweigh the probative value of the evidence.

If the parties desire a limiting instruction, they shall submit a proposed limiting instruction.

Therefore, the Court **GRANTS** the Government's Motion in Limine to Admit Reference to Defendant's Status as a Prisoner (Doc. 134).

## IV.    Government's Motion in Limine to Admit CommNet Wireless, LLC Phone Records as Business Records (Doc. 135).

The Government moves to admit three phone records from CommNet Wireless, LLC as business records. The Government asserts they satisfy the requirements for the business records hearsay exception under Rule 803(6), and are also self-authenticating under Rule 902(11).

Defendant does not dispute that the records meet the business records hearsay exception under Rule 803(6) and are self-authenticating under Rule 902(11). Rather, he asserts a Confrontation Clause objection, which he acknowledges is barred by *United States v. Yeley-Davis,* 632 F.3d 673 (10th Cir. 2011).

The Court **GRANTS** the motion (Doc. 135), noting that Defendant does not dispute that the records meet the business record exception under Rule 803(6) and are self-authenticating under Rule 902(11).

## V.    Government's Motion in Limine Regarding Impermissible Character Evidence (Doc. 136).

The Government moves to limit character evidence introduced by Defendant. However, the Government does not specify which character evidence should specifically be excluded, and acknowledges that the Court may need to reserve ruling until it hears the evidence.

The Court **RESERVES** ruling on the Government's motion (Doc. 136).

## VI.    <u>Government's Motion in Limine to Exclude Reference to Punishment (Doc. 137)</u>.

The Government requests that the Court exclude references to punishment or a potential sentence at trial. Doc. 137. Defendant does not object. Doc. 169. The Court agrees and will exclude at trial any reference to sentencing or punishment.

"[I]t is firmly established that when the jury has no sentencing function... it 'should reach its verdict without regard to what sentence might be imposed.'" *United States v. Courtney*, 816 F.3d 681, 686 (10th Cir. 2016), quoting in part *Rogers v. United States,* 422 U.S. 35, 40, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975). "Unless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (sentence or punishment is "irrelevant to the jury's task") (overruled on other grounds); *see also United States v. Greer*, 620 F.2d 1383, 1385 (10th Cir. 1980) (noting that absent a statutory requirement that the jury determine punishment, "nothing is left 'for jury determination beyond the guilt or innocence of an accused.'") (quoting *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971)). Moreover, allowing a jury to consider punishment invites jury nullification and is prejudicial. *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999); *Greer*, 620 F.2d at 1384-85 (presenting information to jury about possible sentence is prejudicial). There is no right to jury nullification in the Tenth Circuit. *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999); *United States v. Trujillo,* 714 F.2d 102, 106 (11th Cir.1983) ("While we recognize that a jury may render a verdict at odds with the

evidence or the law, neither the court nor counsel should encourage jurors to violate their oath."),
*quoted in United States v. Gonzalez*, 596 F.3d 1228, 1237 (10th Cir. 2010).

Therefore, the Government's Motion in Limine to Exclude Reference to Punishment (Doc.
137) is **GRANTED**.

## VII.    <u>Government's Motion in Limine to Exclude Improper Hearsay (Doc. 138)</u>.

The Government generally requests that the Court prevent Defendant from offering hearsay
but does not identify any particular hearsay statement it seeks to exclude. *See* Doc. 138. The Court
therefore reserves ruling on the Government's request.

## VIII.    <u>Government's Motion in Limine Regarding Mental Disease, Defect, or any other Mental Condition Bearing on Guilt Evidence (Doc. 139)</u>.

The Government moves to exclude *expert* evidence regarding a mental disease, defect, or
other mental condition bearing on guilt.  It notes that Defendant has failed to provide notice to the
Government of any such expert testimony. Defendant asserts that he does not intend to introduce
*expert* testimony or evidence relating to a mental disease or defect or expert evidence as to any
other mental condition bearing on the issues of guilt or punishment.  Doc. 172.  However, the
Defendant argues that Rule 12.2(b) does not require the defense to provide notice of lay testimony
regarding these topics.

Fed. R. Crim. P. 12.2(b) provides:

(b) Notice of Expert Evidence of a Mental Condition. If a defendant intends to
introduce expert evidence relating to a mental disease or defect or any other mental
condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of
punishment in a capital case, the defendant must—within the time provided for
filing a pretrial motion or at any later time the court sets—notify an attorney for the
government in writing of this intention and file a copy of the notice with the clerk.
The court may, for good cause, allow the defendant to file the notice late, grant the
parties additional trial-preparation time, or make other appropriate orders.

As Defendant argues, that rule appears to only apply to *expert* evidence or testimony. Because Defendant asserts he will not offer expert testimony regarding mental disease or defect, the Government's motion to limit expert testimony regarding mental disease or defect (Doc. 139) is **DENIED** as moot.

## IX.    <u>Government's Motion in Limine Regarding Prosecutorial Motive (Doc. 140)</u>.

The Government moves the Court to exclude evidence regarding prosecutorial motive or alleged selective or vindictive prosecution. *See* Doc. 140. The Court grants the motion (Doc. 140) in part.

Fed. R. Crim. P. 12(b)(3)(A) provides that a motion for a defect in instituting the prosecution, including selective or vindictive prosecution, must be made before trial or by a deadline set by the Court.  Fed. R. Crim. P. 12(b)(3)(A).  If a motion is not made before the deadline set by the Court or trial, the motion is deemed untimely. Fed. R. Crim. P. 12(c)(3).

The Tenth Circuit has held that a claim of vindictive or selective prosecution is to be decided by the court pursuant to a Rule 12 motion, and when it is not raised in such a motion, it may not be presented to the jury. *United States v. Bryant*, 5 F.3d 474, 476 (10th Cir. 1993), *quoting United States v. Washington,* 705 F.2d 489, 495 (D.C.Cir.1983) ("issue of selective prosecution is one to be determined by the court"); *DeLia v. U.S. Dep't of Just.*, No. 21-5047, 2021 WL 4258758, at *3 n.4 (10th Cir. Sept. 20, 2021) ("[A] selective prosecution claim must be raised prior to the criminal trial, and requires showing that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose."). The Hon. James O. Browning similarly concluded that selective or vindictive prosecution motions must be addressed by the Court and not the jury. *United States v. Rodella*, 59 F. Supp. 3d 1331, 1361 (D.N.M. 2014). The Sixth Circuit has held that "the defense of selective prosecution is a matter that is independent of a defendant's

guilt or innocence, so it is not a matter for the jury." *United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006). And more generally, "[c]ourts have consistently excluded evidence and argument by defendants seeking to attack the prosecution's motives in initiating prosecution." *United States v. Cleveland*, No. 96-cr-207, 1997 WL 253124, at *2 (E.D. La. May 14, 1997) (collecting cases).

Here, Defendant did not file a Rule 12 selective or vindictive prosecution motion. Pretrial motions were due by May 16, 2025. *See* Doc. 44 at 2 (setting deadline for May 2, 2025); Doc. 60 (extending deadline to May 16, 2025); Fed. R. Civ. P 12(c)(1) (noting that court may set a deadline for Rule 12 motions). Defendant has not yet argued or shown good cause why that deadline should be extended pursuant to Fed. R. Crim. P. 12(c)(3).

Even assuming a selective or vindictive prosecution argument may be raised at trial, Defendant has not demonstrated or argued how a selective or vindictive prosecution is relevant to any issue at trial. The Court is not required to allow in speculation. Defendant at this time has not made a proffer demonstrating that selective or vindictive prosecution occurred and is relevant to an issue at trial. Moreover, the probative value of speculation regarding selective or vindictive prosecution would be substantially outweighed by the risk of unfair prejudice and confusion of the issues pursuant to Rule 403.

However, as explained in *Bryant,* Defendant may, for example, cross-examine witnesses regarding their alleged biases. *United States v. Bryant*, 5 F.3d 474, 476 (10th Cir. 1993).

The Government also requests that the Court exclude speculation as to whether someone else is guilty of the crime charged. However, Defendant may present evidence that someone else is guilty of the crime charged if that evidence comports with Rules 401 to 403 and is not merely speculative. *United States v. Jordan*, 485 F.3d 1214, 1219 (10th Cir. 2007). The Tenth Circuit has stated that:

> Although there is no doubt that a defendant has a right to attempt to establish his innocence by showing that someone else did the crime, a defendant still must show that his proffered evidence on the alleged alternative perpetrator is *sufficient, on its own or in combination with other evidence in the record, to show a nexus between the crime charged and the asserted "alternative perpetrator."* It is not sufficient for a defendant merely to offer up unsupported speculation that another person may have done the crime. Such speculative blaming intensifies the grave risk of jury confusion, and it invites the jury to render its findings based on emotion or prejudice.

*United States v. Jordan*, 485 F.3d 1214, 1219 (10th Cir. 2007), *quoting United States v. McVeigh,* 153 F.3d 1166, 1191 (10th Cir.1998). Therefore, the Court reserves ruling on the admission of any alternative perpetrator evidence.

Therefore, the Government's Motion in Limine Regarding Prosecutorial Motive **(Doc. 140)** is **GRANTED** in part and **RESERVED IN PART.**

## X.     Government's Opposed Motion in Limine to Allow the Use of Transcripts as Demonstrative Aids (Doc. 141).

The Government requests that the Court allow the use of transcripts of any admitted recorded statements as demonstrative aids for the jury. Defendant opposes their use. Doc. 173.

The Tenth Circuit has upheld the admission of transcripts for the purpose of assisting the jury in listening to portions of recorded conversations as within the trial court's sound discretion. *See United States v. Gomez*, 67 F.3d 1515, 1526 (10th Cir. 1995); *United States v. Mayes*, 917 F.2d 457, 462-63 (10th Cir. 1990); *United States v. Devous*, 764 F.2d 1349, 1354 (10th Cir. 1985)("The admission of transcripts to assist the trier of fact, like the admission of tapes of marginal quality, lies within the discretion of the trial court."). As stated in the Tenth Circuit Pattern instructions, the Court will give a cautionary instruction:

> During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

Tenth Circuit Pattern Instructions 1.40 (2025).

Therefore, the Government's Opposed Motion in Limine to Allow the Use of Transcripts as Demonstrative Aids (**Doc. 141**) is **GRANTED.** The transcripts are admitted for demonstrative purposes only.

## XI. Defendant's Objections to the United States's Notice of 404(b) Evidence and Defendant's Motion in Limine to Exclude the Same (Doc. 142).

Defendant moves to preclude the United States from offering other act evidence under Rule 404(b) against him. He categorizes the evidence as follows:

(1) That Defendant attacked the last witness to see Defendant with Doe 1 at the eventual crime scene;

(2) That Defendant attempted to conceal the bodies of the victims;

(3) That Defendant attempted to flee the scene in Doe 2's truck;

(4) That Defendant concealed or destroyed Doe 1's phone; and

(5) That Defendant was arrested and made certain admissions.

First, Defendant asserts that the Government will seek to introduce evidence that he allegedly attacked the last witness to see Defendant with Doe 1 at the crime scene. Defendant asserts that this alleged act happened months after the homicides and is not intrinsic to the homicides. Defendant asserts there were pre-existing allegations of violence before the alleged homicides. He asserts that the introduction of this other act should be barred under Rules 404(b) and 403.

14

Second, Defendant also moves to exclude evidence that he allegedly moved the bodies of the victims to hide them, he attempted to flee in the victim's truck, and he allegedly destroyed or concealed Doe 1's phone. Defendant alleges this evidence is irrelevant because the Government cannot adduce evidence to show that he was the person that allegedly committed these acts.

Finally, he seeks to exclude alleged prior violent acts as those prior acts are unfairly prejudicial under Rule 403 and are mere propensity evidence under Rule 404(b).

### A.    *Res gestae.*

First, these acts, such as concealing or destroying evidence, fleeing, and his arrest and admissions - generally appear to be *res gestae* and therefore are not subject to Rule 404(b).

An uncharged act is admissible as *res gestae*—intrinsic evidence not subject to Federal Rule of Evidence 404(b)—if "it was inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act." *United States v. Johnson,* 42 F.3d 1312, 1316 (10th Cir.1994) (alteration, citation, and internal quotation marks); *see also United States v. Parker,* 553 F.3d 1309, 1314 (10th Cir.2009). "Evidence of other crimes should not be suppressed when those facts come in as *res gestae*—as part and parcel of the proof of the offense charged in the indictment." *United States v. Kimball,* 73 F.3d 269, 272 (10th Cir.1995) (alterations and internal quotation marks omitted).

Generally speaking, '[i]ntrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury.' " *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009) (alteration in original). Intrinsic or res gestae evidence is "not subject" to Federal Rule of Evidence 404(b)'s prohibition on prior acts evidence. *United States v. Gallegos*, 111 F.4th 1068, 1092 (10th Cir. 2024).

Evidence is intrinsic when it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015), *citing United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir.2009) (quoting Thomas M. DiBiagio, Intrinsic and Extrinsic Evidence in Federal Criminal Trials: Is the Admission of Collateral Other–Crimes Evidence Disconnected to the Fundamental Right to a Fair Trial, 47 Syracuse L.Rev. 1229, 1231 (1997)). *Res gestae* evidence is permitted "when it provides the context for the crime, is necessary to a full presentation of the case, or is appropriate in order to complete the story of the crime on trial by providing its immediate context or the res gestae." *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995).

Here, most of these acts appear to be intrinsic to the crime charged and therefore are res gestae.

### B.    Rule 404(b).

Alternatively, even assuming these acts are not *res gestae*, they clearly meet the Rule 404(b) standard. The Government argues that this evidence goes towards showing the Defendant's motive, intent, opportunity, knowledge, planning and absence of mistake or accident, and identity. The Government also asserts that Defendant's attempt to compel witnesses to serve as false alibis are relevant for the same purposes: motive, intent, opportunity, identity, planning, and absence of mistake or accident. The Court agrees.

Under Rule 404(b) and the *Huddleston* test: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct

the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *Zamora*, 222 F.3d at 762.

Here, the evidence is offered for a proper pursue, including context, motive, intent, opportunity, knowledge, planning and absence of mistake or accident, and identity. It is not offered for propensity. The evidence is also clearly relevant. Finally, the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice.

The parties shall submit a proposed limiting instruction.

Therefore, the Court **DENIES** Defendant's Motion (Doc. 142).

## XII.    **Defendant's Objections and Motion in Limine to Exclude and Limit 609 Evidence (Doc. 143).**

Defendant moves to limit the Government's use of Rule 609 evidence. The Government gave notice of its intent to use Defendant's prior convictions as impeachment material if he testifies. Defendant asserts that the Court should exclude the names of the offenses, as it creates unfair prejudice beyond the probative value of the prior convictions. Moreover, Defendant asserts that two of his convictions are more than ten years old.

Rule 609 of the Federal Rules of Evidence governs the use of a witness's prior convictions to attack their character for truthfulness. Fed. R. Evid. 609(a). Under Rule 609(a)(1)(B), when a defendant is a witness in his own trial, the government may impeach him with a past felony conviction "if the probative value of the evidence outweighs its prejudicial effect to [the] defendant." Fed. R. Evid. 609(a)(1)(B). However, if more than 10 years have passed since the conviction or release from confinement for it, the conviction will only be admitted if the "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." *See* Fed. R. Evid. 609(b)(1).

There are five factors that the Tenth Circuit considers when deciding whether a defendant witness's prior convictions should be admitted under Rule 609: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (internal citations omitted); *see also United States v. Sides*, 944 F.2d 1554, 1560 (10th Cir. 1991). A defendant "faces a unique risk of prejudice—i.e., the danger that convictions that would be excluded under Rule 404 [character evidence] will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes." *Smalls*, 752 F.3d at 1240 (internal alterations omitted) (quoting Fed. R. Evid. 609, Advisory Committee Notes (1990)). The additional conviction information is likely to "provoke[ ] an emotional response in the jury or otherwise...adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *See United States v. Smith*, 534 F.3d 1211, 1219 (10th Cir. 2008).

"The implicit assumption of Rule 609 is that prior felony convictions have probative value." *See United States v. Howell*, 285 F.3d 1263, 1268 (10th Cir. 2002) (quoting *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir.1998)). Therefore, "when a defendant in a criminal case takes the stand in his own defense, his credibility may be impeached and his testimony attacked in the same manner as any other witness, including reference to prior convictions." *United States v. Smith*, 521 F.2d 374, 376 (10th Cir. 1975). Still, "Rule 609(a)(1) is intended to make it harder to admit conviction evidence when offered against an accused than it is when offered against another witness." *See Howell*, 285 F.3d at 1268 n.1 (quoting 28 Charles Alan Wright & Victor James Gold, *Federal Practice & Procedure* § 6134 at 230 (1993)).

Generally, evidence of a defendant's felony conviction "shall include information about the *nature* of that conviction." *See United States v. Lopez-Medina*, 596 F.3d 716, 737 (10th Cir. 2010) (emphasis in original) (quoting *Howell*, 285 F.3d at 1268–69); *United States v. Commanche*, 577 F.3d 1261, 1271 (10th Cir. 2009) ("[O]nly the prior conviction, its general nature, and punishment of felony range were fair game for testing the defendant's credibility."). However, "the trial court has discretion in limiting cross examination of an accused on the subject of prior convictions." *See Smith*, 521 F.2d at 376.

"The well-settled rule in this circuit is that the permissible scope of cross-examination under Rule 609 extends to the essential facts of convictions, the nature of the crimes, and the punishment." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014), *citing United States v. Commanche,* 577 F.3d 1261, 1270–71 (10th Cir.2009). "Indeed, the failure to include the names and nature of prior offenses may prejudice the defendant because the jury is left to speculate as to the essential facts of prior convictions." *Id.*, *citing see United States v. Burston,* 159 F.3d 1328, 1335 (11th Cir.1998) ("The implicit assumption of Rule 609 is that prior felony convictions have probative value. Their probative value, however, necessarily varies with their nature and number.").

Pursuant to *Smalls,* the Court has conducted the Rule 609 balancing test. The false imprisonment convictions clearly have an impeachment value, and less than ten years have passed since Defendant was convicted or released on those charges. The false imprisonment convictions are sufficiently dissimilar from his murder charges such that a jury will not convict him on propensity grounds. *Smalls*, 752 F.3d at 1240. Finally, if Defendant testifies, his testimony as an eye-witness would be highly important and his credibility would be important to the jury's decision. Moreover, the probative value of the false imprisonment convictions outweighs its

prejudicial effect. Rule 609(a)(1)(B) (evidence "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant"). The Court will allow in, as to the two false imprisonment counts, the essential facts of the convictions, the nature of the crimes, the names of the crimes, and the punishment pursuant to *Smalls*.

However, two convictions are more than ten years old: Criminal Sexual Communication with a Child and Aggravated Stalking in Violation of a Protection Order. If more than 10 years have passed since the conviction or release from confinement, the conviction will only be admitted if the "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." *See* Fed. R. Evid. 609(b)(1). Here, the convictions for aggravated stalking and criminal sexual communication with a child occurred more than ten years ago, as admitted by the Government. The Court concludes that the probative value of the convictions for criminal sexual communication with a child and aggravated stalking does not substantially outweigh the risk of prejudice.

Therefore, the Court will allow the Government, if Defendant testifies, to cross-examine Defendant about his two prior false imprisonment convictions for the limited purpose of impeaching Defendant's character and testimony, which shall be limited as explained above. However, the Court will not allow him to be impeached on his two felonies which are more than ten years old. Nevertheless, at trial, if defense counsel or Defendant "purposefully and explicitly opens the door on a particular (and otherwise inadmissible) line of questioning, such conduct operates as a limited waiver allowing the government to introduce further evidence on that same topic." *United States v. Lopez-Medina*, 596 F.3d 716, 731 (10th Cir. 2010).

Therefore, Defendant's Objections and Motion in Limine to Exclude and Limit 609 Evidence (Doc. 143) is **GRANTED IN PART** and **DENIED IN PART**.

## XIII.    Defendant's Motion to Exclude any Improper Lay Testimony not based upon Personal Knowledge (Doc. 145).

Defendant moves to exclude any speculation or lay opinion testimony under Rule 602 and 701.  Doc. 145.  He seeks to preclude the United States from asking any witnesses if they believe, think, or otherwise claim that he is responsible for the homicides at issue if they did not personally observe him commit the homicides.  He asserts such testimony would also invade the province of the jury.  He also seeks to exclude testimony opining whether he was physically capable of committing the homicides and whether he fled in a truck.  However, he does not identify which particular statement by which witness violates the requirement for personal knowledge under Rule 602.

The Government asserts it will only introduce relevant and admissible evidence from its witnesses.  Doc. 164.

The Court reserves ruling on this motion (Doc. 145), as it is unable to determine at this time without hearing the evidence whether any specific witness lacks adequate personal knowledge under Rule 602 and 701.

## XIV.    Defendant's motion in limine to exclude irrelevant and unfairly prejudicial evidence of Defendant's statements in front of his mother regarding a relationship between witnesses (Doc. 146).

Defendant moves to exclude Francis Garcia's account of a conversation with Defendant, in which Defendant allegedly accused his girlfriend of having an intimate relationship with John Doe 1.  Doc. 146. Defendant asserts it is irrelevant as the Government cannot prove that Defendant

knew about alleged relationship before the murders. The Court disagrees.  This evidence is clearly relevant.

Defendant asserts that this conversation occurred after the victims were murdered and therefore cannot be a basis for a motive.  Defendant asserts that the Government has not presented any evidence that he knew about the relationship before the homicides occurred. The exact statements or account of the conversation have not been presented to the Court. However, it appears that a jury may reasonably infer that he knew about the intimate relationship before the homicides occurred. The fact that the jury may *also* infer that he did *not* know about the relationship before the murders is not a basis to exclude the conversation.

Moreover, the Court concludes that the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice under Rule 403.

If the parties request a limiting instruction, they should submit one to the Court.

Therefore, the Court **DENIES** Defendant's Motion (Doc. 146).

## XV.    <u>Defendant's Motion to Exclude Hearsay Evidence by Witness L.C. (Doc. 147).</u>

Defendant moves to exclude hearsay evidence that Doe 1 said to L.C. that he was attempting to shake the Defendant or his companion and that he was hiding behind a pole.  Doc. 147. The Government opposes the motion. Doc. 175. The Government asserts that the statement may be admitted to show the effect on the listener's state of mind and not for the truth of the matter asserted.  The Court agrees.

Here, the parties have not presented the exact statement or the circumstances for the statement.  However, it appears the statement is not offered for the truth of the matter asserted, and therefore is not hearsay.

Alternatively, the statement may be an excited utterance. Although hearsay evidence is generally not admissible, an exception is made for statements relating to a "startling event or condition." The so-called "excited-utterance exception has three requirements: (1) a startling event; (2) the statement was made while the declarant was under the stress of the event's excitement; and (3) a nexus between the content of the statement and the event." *United States v. Pursley,* 577 F.3d 1204, 1219–20 (10th Cir. 2009). "[T]here is no precise amount of time between the event and the statement beyond which the statement cannot qualify as an excited utterance." *United States v. Ledford,* 443 F.3d 702, 711 (10th Cir.2005). "Admissibility hinges on a statement's contemporaneousness with the excitement a startling event causes, not the event itself." *United States v. Smith*, 606 F.3d 1270, 1279 (10th Cir. 2010). It is without a doubt that the event described-being followed and hiding from defendant- was a startling event. If the statement was made while under the stress of the event's excitement, it is likely an excited utterance.

Moreover, it may be a present sense impression. A present-sense impression is "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1); *United States v. Lovato*, 950 F.3d 1337, 1348 (10th Cir. 2020). Here, although the full evidence presented to be presented at trial is not before the Court, it appears that John Doe 1 is describing an event or condition to witness L.C., made while or immediately after the declarant perceived it.

Therefore, the Court **DENIES** Defendant's Motion to Exclude Hearsay Evidence by Witness L.C. (Doc. 147).

## XVI.    Government's Motion in Limine to Exclude Rule 807 Evidence (Doc. 148).

The Government moves to exclude hearsay evidence submitted under Rule 807.  Doc. 148. First, the Government seeks to exclude a statement by David Paul Romero that he saw a victim

walking on a particular day. This statement was apparently given a month after he allegedly saw

that person. David Romero allegedly saw the victim walking on the road while he was driving

someone else to work.

Next, the Government reserves its hearsay objection to statements by Lucia Trujillo and

Victoria Padilla that they met Defendant at a gas station on Friday afternoon, May 31, 2019. Rule

807 states:

> **(a) In General.** Under the following conditions, a hearsay statement is not excluded
> by the rule against hearsay even if the statement is not admissible under a hearsay
> exception in Rule 803 or 804:
> **(1)** the statement is supported by *sufficient guarantees of trustworthiness*—after
> considering the totality of circumstances under which it was made and evidence, if
> any, corroborating the statement; and
> **(2)** it is *more probative on the point* for which it is offered than any other evidence
> that the proponent can obtain through reasonable efforts.
> **(b) Notice.** The statement is admissible only if the proponent gives an adverse party
> reasonable notice of the intent to offer the statement—including its substance and
> the declarant's name—so that the party has a fair opportunity to meet it. The notice
> must be provided in writing before the trial or hearing—or in any form during the
> trial or hearing if the court, *for good cause*, excuses a lack of earlier notice.

Fed. R. Evid. 807 (emphasis added). "The residual exception 'should be used only in extraordinary

circumstances.' " *United States v. Burgess*, 99 F.4th 1175, 1183 (10th Cir. 2024) (quoting *United

States v. Dalton*, 918 F.3d 1117, 1133 (10th Cir. 2019)). Such circumstances exist when the court

is "satisfied that the evidence offers guarantees of trustworthiness and is material, probative and

necessary in the interest of justice." *Id.* (quoting *Dalton*, 918 F.3d at 1133). The Tenth Circuit

interprets "the residual exception with 'caution' so that it does not 'swallow the entirety of the

hearsay rule.'" *United States v. McFadden*, 116 F.4th 1069, 1081–82 (10th Cir. 2024), *quoting in

part United States v. Hammers*, 942 F.3d 1001, 1011 (10th Cir. 2019). To be admissible under the

residual-hearsay exception, the offered evidence must contain "sufficient guarantees of

trustworthiness" and be "more probative on the point for which it is offered than any other

[reasonably attainable] evidence." Fed. R. Evid. 807(a). "[T]he party offering the evidence bears the 'heavy burden' of showing that both prongs are met." *United States v. McFadden*, 116 F.4th 1069, 1082 (10th Cir. 2024) (internal quotation marks and citation omitted).

Here, Rule 807 motions were due on May 23, 2025, and none were filed. *See* Doc. 44 at 2. Defendant did not file a Rule 807 motion or notice, and did not file a response objecting to the Governments motion in limine.  Moreover, Defendant has not argued or demonstrated that the statement by David Paul Romero is supported or demonstrated by sufficient guarantees of trustworthiness.  Therefore, the Court declines to find that Rule 807 excepts David Paul Romero's hearsay statements from the hearsay rule.  The Court reserves ruling on Lucia Trujillo's and Victoria Padilla's statements, as requested by the Government.

Therefore, the Government's Motion in Limine to Exclude 807 Evidence (Doc. 148) is **GRANTED** in part and **RESERVED** in part.

## XVII.  <u>Defendant's Motion in Limine to Confront Adverse Certifying Witnesses of Google Account Records, Tribal Records, and CommNet Wireless Records (Doc. 149).</u>

Defendant objects to the admission of self-authenticating records without a witness to testify. Defendant asserts self-authenticating documents, presented without the opportunity to cross-examine the certifying witnesses, violates the Confrontation Clause of the Sixth Amendment. The Government opposes the motion, asserting the records are self-authenticating, but does not address the Confrontation Clause argument. Doc. 178.

First, it appears that the Government intends to call relevant record custodians.

Second, to the extent the record custodians are not called, Defendant admits that his argument is barred by *United States v. Yeley-Davis,* which held that authenticating documents were

not testimonial under *Crawford* and not subject to the Confrontation Clause. *United States v. Yeley-Davis*, 632 F.3d 673, 678 (10th Cir. 2011).

Therefore, the Court **DENIES** Defendant's Motion (Doc. 149).

## XVIII. Defendant's Motion in Limine to Exclude Hearsay and Testimonial Hearsay Captured on Plaintiff's Exhibits 1 & 2 (Doc. 150).

The Government's exhibits 1 and 2 consist of lapel camera footage which capture conversations between testifying and non-testifying witnesses. Defendant asserts the lapel camera footage contains hearsay, but generally does not identify the specific hearsay statements. Defendant asserts that Ms. Trujillo relates conversations she had with the decedent, the decedent's recent medical issues, and where he was directed to seek treatment. The Government objects, asserting that the statements are not hearsay because they are not offered for the truth of the matter asserted, but for the effect on the listener.

Here, the Defendant has not specifically identified which portions of the lapel camera footage constitute hearsay. Moreover, the Government has not identified which specific statements are not hearsay or are subject to an exception to the hearsay rules. However, in a reply brief, Defendant appears to accept the Government's representation and requests a limiting instruction that the statements in the lapel video are not offered for the truth of the matter asserted. The Court directs the parties to submit an appropriate limiting instruction.

Therefore, the Court **DENIES** Defendant's Motion (Doc. 150).

## XIX. Government's Motion in Limine to Admit Google Records as Business Records (Doc. 151).

The Government moves to admit data from Defendant's Google account as business records. It asserts his Google records qualify for a business record exception under Rule 803(6)

and are self-authenticating under Rule 902(11). Defendant did not object to assert that the records are hearsay or not self-authenticating, but instead appears to make a Confrontation Clause argument against the admission of the records, which he admits has been rejected by the Tenth Circuit and addressed by the Court above.

Therefore, the Court **GRANTS** the Government's Motion in Limine to Admit Google Records as Business records (Doc. 151).

**IT IS THEREFORE ORDERED** that:

- The following motions are **GRANTED**: Docs. 133, 134, 135, 137, 141, 151.

- The following motion is **GRANTED IN PART** and **RESERVED** in part: Docs. 140, 148

- The following motions are **GRANTED IN PART** and **DENIED IN PART**: Doc. 143.

- The Court **RESERVES RULING** on the following motions: Docs. 136, 138, 145.

- The following motions are **DENIED**: Docs. 97, 139, 142, 146, 147, 149, 150.

**IT IS FURTHER ORDERED** that if the parties have not yet submitted the limiting instructions identified in this order, they shall do so by Monday, June 9, 2025.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE