IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　No. 23-cr-01620-KWR

JOSHUA GONZALES,

        Defendant.

### ORDER FOR BRIEFING ON DEFENDANT'S MOTION FOR A MISTRIAL AND POST-*MIRANDA* SILENCE

THIS MATTER comes before the Court on Defendant's motion for a mistrial. As a basis for a mistrial, Defendant cites to portions of an audio recording of the November 15 conversation between Defendant and Agents while being transported from Taos to Sante Fe. *See* Ex. 29. In its oral objection, the Defense pointed out the following exchange:

- Agent Walton: Where do you recognize me from?
- Defendant: From when you went to go talk to me in the jail the last time.
- Walton: Yeah.
- Defendant: I never forget a face, bro. He's talked to me about three months ago.
- Walton: Oh, I didn't talk to you. You said you didn't want to talk.
- Defendant: I know, but you still talked to me for a minute or two, whether I didn't want to talk or not. He said more than I. That's for sure.

Ex. 29, 1:44:02–1:44:27; Transcript of Audio Recording, 60:1–60:14; *see also* Transcript of Audio Recording, 27:22–27:25, 61:1–61:5. The Court understands this exchange to be in reference to Agent Walton's brief encounter with Defendant on August 14, 2023, as summarized in Walton's report. *See* Doc. 93-1, ¶ 1.

The parties should first address (I) whether, on August 14, 2023, Defendant sufficiently invoked his right to remain silent to trigger the Fifth Amendment's protections. The parties should next address (II) (A) whether (and for what purposes) a prosecutor can use a defendant's **pre-**

*Miranda,* **pre-arrest silence** at trial. The parties should then address (B) whether the United States's *use of* (or references to) Defendant Joshua Gonzales's August 14 **pre-*Miranda*, pre-arrest silence** violates the Due Process Clause of the Fifth Amendment.[1] (For example, whether the statements in the audio recording were offered to infer his guilt, to attack or impeach his character, or for some other reason.) The parties should also address exceptions to the use of pre- or post-arrest silence at trial and whether any apply in this case.

Both parties have until **June 14, 2025, at 11:59 p.m.** to submit a brief in support or against the motion for a mistrial. Both parties have until **June 15, 2025, at 11:59 p.m.** to submit responses.

**It is SO ORDERED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[1] Defendant remains free to argue that Defendant's August 14 silence is properly characterized as **post-arrest** silence. The Court only emphasizes that he must also address **pre-arrest** silence.

2